**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS HEATH WOOTEN, | |
| Plaintiff, | Case No. 1:18-cv-01378 |
| v. | Honorable Jorge L. Alonso |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

# JOINT INITIAL STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Management Procedures, the Parties submit the following Joint Initial Status Report.

## I. Nature of the Case

A. Basis for federal jurisdiction: This action arises under and is brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 28 U.S.C. §1367. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law ICFA claim under 28 U.S.C. §1367. Wells Fargo does not dispute that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367, however, Wells Fargo believes that Plaintiff has not established and cannot establish Article III jurisdiction. Wells Fargo further believes that the appropriate venue for this matter is in binding arbitration before the American Arbitration Association, as set forth in the agreement for Plaintiff's credit card account.

B. Claims asserted: Plaintiff asserts claims under the TCPA and ICFA against Defendant Wells Fargo Bank, N.A. ("Defendant"). Plaintiff's claims arise from the alleged unlawful telephone calls placed by Defendant to Plaintiff in an attempt to collect a debt. Plaintiff alleges that Defendant violated the TCPA by placing hundreds of phone calls to Plaintiff, using an automatic telephone dialing system ("ATDS"), without Plaintiff's consent. Plaintiff further alleges that Defendant's conduct constitutes an unfair business practice as defined by ICFA.

C. Relief sought: Plaintiff seeks actual and statutory damages pursuant to the TCPA, and actual and punitive damages pursuant to ICFA. Lastly, Plaintiff is seeking his attorney's fees and costs pursuant to ICFA (815 ILCS 505/10a(c)).

D. Jury demand: Plaintiff has demanded trial by jury.

E. Service: All Parties have been served and are represented by counsel.

## II. Discovery and Pending Motions

A. Pending motion: Wells Fargo's motion to compel arbitration.

B. Discovery schedule:

1. Plaintiff anticipates both written and oral discovery. Wells Fargo contends that the matter is subject to binding arbitration.
2. The Parties will use the model protective order, if necessary.
3. This Court is participating in the Mandatory Initial Discovery Pilot. As discussed during the telephonic meet and confer conducted on April 10, 2018, Wells Fargo believes that the deadlines set in the pilot program should be stayed until after Wells Fargo's motion to compel arbitration has been ruled on. As such, Wells Fargo does not believe that MIDP disclosures should be exchanged at this time. Should the court deny Wells Fargo's motion to compel

arbitration, Wells Fargo requests that this court set a further status conference to set discovery deadlines.

4. In the event that Wells Fargo's motion to compel arbitration is denied, the parties shall complete fact discovery by November 2, 2018.

5. Plaintiff anticipates that expert discovery will be required to establish his TCPA claims. Plaintiff requests a status hearing near the completion of fact discovery to set expert discovery deadlines.

## III. Settlement and Referrals

A. Settlement discussions: Plaintiff has submitted a settlement demand to Defendant.

B. Settlement conference: Plaintiff is agreeable to a settlement conference provided that discovery is not stayed in the intervening time. If Wells Fargo's motion to compel arbitration is not granted, Wells Fargo is agreeable to a settlement conference scheduled near the end of fact discovery.

C. Referral to Magistrate Judge: Plaintiff consents to proceed before a magistrate provided that the magistrate has a trial slot available in the next 5 months. In the event this Court has a trial slot available in the next 5 months, Plaintiff does not consent to proceed before a magistrate. Wells Fargo does not consent to referral to a magistrate judge.

Dated: April 20, 2018

*/s/ Mohammed O. Badwan*

Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8180
Fax: (630) 575-8188
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*

*/s/ Michael Bornhorst*

Michael Bornhorst
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 706-8169
mbornhorst@mayerbrown.com

Rebecca Snavely Saelao
SEVERSON & WERSON
One Embarcadero Center, Ste. 2600
San Francisco, CA 94111
(415) 398-3344 rss@severson.com
*Counsel for Wells Fargo Bank, N.A.*